**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MAX FREDERIC, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 24 CV 3677 |
| v. | ) ) | |
| VILLAGE OF POSEN, | ) | CLASS ACTION |
| Defendant. | ) ) | JURY DEMANDED |

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiff Max Frederic ("Frederic" or "Plaintiff"), by his attorneys, Markoff Leinberger LLC, state as follows for his Third Amended Class Action Complaint against defendant Village of Posen ("Posen" or "Defendant").

**NATURE OF THE CASE**

1.     Posen is conducting an illegal scheme.  Posen issues oversize and overweight tickets to commercial truckers driving in Posen.  While Illinois law requires these tickets to be adjudicated in an Illinois court, Posen denies truckers their day in court by requiring the tickets to be adjudicated in Posen's internal administrative system.

2.     Posen put itself in the position of being the "fox guarding the henhouse."  Because the fines due under these tickets are hefty, Posen uses this scheme to generate significant revenue for itself.

3.     Because Posen lacks subject matter jurisdiction to issue judgments or liability findings regarding these tickets, the judgments and findings are null and void *ab initio*.

4.     Because Posen contains a variety of businesses that involve commercial trucking, many commercial truck drivers must drive through Posen to these businesses.

5. The Posen's ordinances at issue involve moving violations and offenses reportable to the Illinois Secretary of State under the Illinois Vehicle Code, 625 ILCS 5/1-100, *et seq*.

6. Reportable offenses raise the stakes immensely for commercial truckers who can potentially lose their licenses based on this reporting. Commercial truckers who lose their license to drive professionally lose their livelihood. It is imperative that the tickets Posen issues are appropriately tried in an Illinois court where there are safeguards involving an elected and sworn judge, rules of civil procedure, and rules of evidence.

7. Plaintiff asserts the following claims on behalf of himself and similarly situated persons:

A. Declaratory judgment that all judgments and liability findings resulting from Posen's administrative adjudication of tickets for violating Posen's oversize or overweight truck ordinances are null and void *ab initio* because Posen lacked subject matter jurisdiction to administratively adjudicate those tickets;

B. Declaratory judgment that all judgments and liability findings exceeding $250 resulting from Posen's administrative adjudication of tickets for violating Posen's oversize or overweight truck ordinances are null and void *ab initio* because they violate 625 ILCS 5/11-208.3(b)(10);

C. Declaratory judgment that all judgments and liability findings exceeding $750 resulting from Posen's administrative adjudication of tickets for violating Posen's oversize or overweight truck ordinances are null and void *ab initio* because they violate 65 ILCS 5/1-2-1; and

D. Unjust enrichment.

2

## PARTIES

8.     Plaintiff Max Frederic is an individual who drives commercial trucks for a living.

9.     Defendant Posen is a municipal corporation organized under Illinois law and located in Cook County, Illinois.  Posen is not a home-rule municipality.

## JURISDICTION & VENUE

10.     Jurisdiction of this Court arises under 735 ILCS 5/2-209(a)(1), (b)(3) and (c) because Posen is a municipal corporation organized under Illinois law that conducts business in Illinois.

11.     Venue is proper in this district pursuant to 735 ILCS 5/2-103 because Posen is a municipal corporation with its principal office located in Cook County, and Cook County is where the transactions giving rise to this lawsuit occurred.

## BACKGROUND

### Illinois Municipal Code

12.      The Illinois Municipal Code ("Municipal Code") only allows a municipality to administratively adjudicate particular ordinance violations.  The relevant  section of the Municipal Code provides:

> Any municipality may provide by ordinance for a system of administrative adjudication of municipal code violations to the extent permitted by the Illinois Constitution. A 'system of administrative adjudication' means the adjudication of any violation of a municipal ordinance, except for (i) proceedings not within the statutory or the home rule authority of municipalities; and (ii) any offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles and except for any reportable offense under Section 6-204 of the Illinois Vehicle Code.

65 ILCS 5/1-2.1-2 (footnotes omitted).

13.     Section 5/1-2.1-2 provides important limits on a municipality's authority to

administratively adjudicate violations of its ordinances. These limits are designed to prevent municipalities from overstepping their bounds by violating the rights of persons who allegedly violated an ordinance.

14.    Section 5/1-2.1-2 sets forth two categories of ordinance violations that Posen cannot administratively adjudicate:

    A.  Category 1: Where the ordinances govern "any offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles."

    B.  Category 2: Where the ordinances involve a "reportable offense under Section 6-204 of the Illinois Vehicle Code.

15.    Posen could not administratively adjudicate the alleged oversize and overweight ordinance violations at issue because they fell into both categories.

**Category 1: Regulation Of The Movement Of Vehicles**

Illinois Vehicle Code

16.    The Illinois Vehicle Code prohibits the movement of oversize vehicles. 625 ILCS 5/15-107(d) ("The length of a semitrailer or trailer, unladen or with load, *operated* in a truck tractor-semitrailer-trailer or truck tractor semitrailer-semitrailer combination, may not exceed …" (emphasis supplied)).

17.    The Illinois Vehicle Code prohibits the movement of overweight vehicles. 625 ILCS 5/15-111 ("No vehicle or combination of vehicles with pneumatic tires may be *operated*, unladen or with load, when the total weight on the road surface exceeds …" (emphasis supplied)).

18.    Both of the foregoing Illinois Vehicle Code provisions are traffic regulations governing the movement of vehicles.

Posen Ordinances

19.     Posen enacted the following ordinance governing overweight vehicles operating in

Posen:

> No person shall drive a vehicle over any street in the Village, other than a State
> route, where the gross weight of such vehicle is in excess of ten thousand (10,000)
> pounds. On State routes, the weight limits established by State law shall govern.

Village of Posen Municipal Ordinance 10-19-1 (the "Overweight Ordinance").

20.     Posen enacted the following ordinance governing oversize vehicles operating in

Posen:

> The maximum width of any vehicle and its load shall not exceed eight feet (8'),
> excepting loads of loose hay, straw, corn fodder or similar farm products,
> agricultural implements and threshing machines …
>
> No vehicle, unladen or with a load shall exceed a length of thirty five feet (35')
> extreme dimension; a truck trailer and a semi-trailer shall be regarded as one vehicle
> for the purpose of determining length.
>
> No combination of vehicles coupled together shall consist of more than two (2)
> units, and no such combination shall exceed a total length of forty feet (40') whether
> with or without a load; but such length limitation shall not apply to vehicles
> operated in the day time when transporting poles, pipes, machinery or other objects
> which cannot readily be dismembered, nor to such vehicles operated at night time
> by a public utility when engaged in emergency repair work; but such loads carried
> at night shall be clearly marked with sufficient lights to show full dimensions of the
> load.
>
> No part of a load of a vehicle shall extend more than three feet (3') in front of the
> extreme front portion of the vehicle.

Village of Posen Municipal Ordinance 10-9-6 (the "Oversize Ordinance") (the Overweight

Ordinance and Oversize Ordinance collectively, the "Posen Ordinances").

21.     Posen use the Overweight Ordinance and Oversize Ordinance to govern the same

conduct by commercial truck drivers – oversize and overweight commercial trucks – that Illinois

governs via the Illinois Vehicle Code.

22.     Both the Ordinances and the Illinois Vehicle Code specify substantively similar limits on length and weights.

23.     As a result, the Posen Ordinances govern an "offense under the Illinois Vehicle Code or a similar offense that is a traffic regulation governing the movement of vehicles."

**Category 2: Reportable Offenses**

24.     The Illinois Vehicle Code provides that the Illinois Secretary of State is responsible for maintaining information regarding moving violations and regulating the drivers licenses, including but not limited to suspension, of persons who commit reportable violations.  625 ILCS 5/6-206.

25.     Illinois maintains a "point system" for drivers.  When drivers receive particular levels of points, their driving privileges are restricted or revoked.

26.     One of the ways in which a driver can receive points is for a moving violation, which can lead to restrictions or revocations of a driver's license.  See 625 ILCS 5/6-206.

27.     The Posen Ordinances regulate offenses that are reportable to the Illinois Secretary of State under § 6-204 of the Vehicle Code.

28.     The Illinois Vehicle Code provides the following relevant provisions regarding reportable offenses:

> (a) For the purpose of providing to the Secretary of State the records essential to the performance of the Secretary's duties under this Code to cancel, revoke or suspend the driver's license and privilege to drive motor vehicles of certain minors and of persons found guilty of the criminal offenses or traffic violations which this Code recognizes as evidence relating to unfitness to safely operate motor vehicles, the following duties are imposed upon public officials: …
>   *The reporting requirements of this subsection (a) apply to all violations listed in paragraphs (1) and (2) of this subsection (a)*, excluding parking violations, *when the driver holds a CLP or CDL [commercial driver's license]*, regardless of the type of vehicle in which the violation occurred, or when any driver committed the violation in a commercial motor vehicle as defined in Section 6-500 of this Code.

625 ILCS 5/6-204 (emphasis supplied).

29.     For CLP and CDL licenses, Illinois reports moving violations to the Federal Motor Carrier Safety Administration ("FMCSA").  The FMCSA compiles driver information from across the country.

30.     Improper reporting to the FMCSA can have drastic consequences for the livelihoods of drivers of commercial trucks.

31.     The administrative adjudication of alleged violations of the Posen Ordinances lacks the due process and other safeguards that Illinois deems important for offenses reportable to the Illinois Secretary of State and FMCSA.

**Posen Administrative Adjudication Scheme**

32.     Posen is a municipality through which many commercial truckers drive trucks for a living.

33.     Posen uses its police force to issue oversize and overweight tickets to commercial truckers.

34.     Posen requires that the truckers pay, or challenge, the tickets in Posen's own administrative adjudication system.  Posen fully and unilaterally controls this system.  *Posen Code*, Title I, Chapter 15A ("Administrative Adjudication").

35.     After Posen issues a ticket to a truck driver, Posen sends a "summons" to the truck driver instructing the truck driver who want to challenge the ticket to attend an administrative hearing in Posen.  Frederic Summons, **Exhibit B** hereto.

36.     An administrative law officer presides over these administrative hearings.  This administrative law officer is unelected and has their compensation determined and paid by Posen.

37.     For these so-called hearings in Posen's administrative system, the Illinois rules of civil procedure and Illinois rules of evidence do not apply.

38.     Posen uses the ticket itself as prima facia evidence of guilt. *Posen Code*, §§ 1-15A-3 and 1-15A-5(B).

39.     There is no testimony from police officers, which denies trucker an important opportunity to cross-examine their accuser.  Police officers are almost always the only witness for the prosecution (Posen).  There is no corroborating video or other evidence admissible under Illinois rules of evidence.

40.     In short, Posen takes a massive due process shortcut to impose significant fines on truckers.

41.     Posen collects fines imposed by the tickets in one of three ways.

42.     The first is where commercial truckers send in payment to Posen before the administrative hearing date.  When this occurred, on information and belief, Posen entered a judgment or an administrative order finding liability for the amount of the fine.

43.     The second is where truckers unsuccessfully challenge a ticket.  Where the challenge is unsuccessful, a judgment is entered against the truckers, and truckers either voluntarily pay or have the amounts involuntarily collected from them. *Posen Code*, § 1-15A-7 and 1-15A-9

44.     The third is where truckers do not pay the ticket before the administrative hearing, and do not contest the ticket at the hearing.  In that instance, Posen administratively enters a judgment or finding of liability against the truckers.  Posen Code, § 1-15A-7.

45.     Posen's administrative adjudication scheme is motivated by financial gain.

46.     On information and belief, Posen started issuing tickets to commercial truckers shortly after the Ordinances went into effect.

47.     Posen retains all of the funds generated through its scheme. If these tickets were adjudicated in an Illinois court, Posen would have to share the proceeds from the fines with other units of government.

48.     To bypass the distribution of fines paid for alleged violations of the Ordinances to other units of government, Posen established for itself an in-house administrative traffic court system that allowed Posen to keep traffic court monies for itself.

49.     In gaming terms, Posen stacks the deck in its favor and then keeps all of the winnings.

50.     Plaintiff's violation of the Ordinances was required to be adjudicated in an Illinois court.

51.     Posen's administrative adjudication of the oversize and overweight tickets exceeded its authority under Illinois law. Municipal Code, 65 ILCS 5/1-2.1-2.

52.     Because Posen's administrative adjudication exceeded its authority to render judgments and liability findings, it had no subject matter jurisdiction over the tickets it issued and had no subject matter jurisdiction over the adjudication of those tickets.

53.     Posen's lack of subject matter jurisdiction over the tickets rendered Posen's administrative judgments and liability findings null and void *ab initio*.

54.     Subject matter jurisdiction cannot be waived and can be raised at any time.

**Frederic's Ticket**

55.     On December 7, 2022, Frederic drove a semi-truck within the village limits of Posen.

56.     On December 7, 2022, a Posen police officer pulled over Frederic's truck in Posen.

57.     On December 7, 2022, a Posen police officer issued a ticket to Frederic for an

allegedly overweight vehicle driving on a village street in violation of the Overweight Ordinance (the "Frederic Ticket"). Frederic Ticket, **Exhibit A**.

58.     The Frederic Ticket stated that Frederic violated the Overweight Ordinance. *Id.*

59.     The Frederic Ticket stated that Frederic was required to appear in administrative court. *Id.*

60.     The Frederic Ticket also stated that there would be an administrative hearing on a date to be determined. *Id.*

61.     The Frederic Ticket informed Frederic that the administrative hearing date and time information would be mailed to him. *Id.* The Frederic Ticket stated that the address for the hearing was: "MUNICIPAL BUILDING 2440 W. Walter Zimny Drive, Posen, IL 60469."

62.     On or about December 20, 2022, Frederic received a "Summons" document from Posen. Frederic Summons, **Exhibit B**.

63.     The Frederic Summons stated that Frederic owed Posen $20,862.00. *Id.*

64.     The Frederic Summons stated that there would be an administrative hearing in the Posen "Village Hall" in front of a "Hearing Officer" regarding the Frederic Ticket. *Id.*

65.     As a result of the foregoing, Posen administratively adjudicated the Frederic Ticket, which provided no method for adjudicating the Frederic Ticket in an Illinois court.

#### Damages

66.     Even though Posen illegally used its administrative adjudication system, Plaintiff must either pay the significant fine imposed by his ticket or incur legal fees in an effort to challenge it.

67.     Whether the fines were paid in advance of an administrative hearing, at a hearing, or after a hearing, all monies Posen collected pursuant to illegal administrative adjudications of

tickets must be fully refunded. Posen had no legal right to collect any of those monies.

68.     Plaintiff and other members of the class proposed herein ("Class Members") are being, and will be, injured by the entry of Posen's administrative judgment or finding of liability that was null and void from its inception.

69.     Plaintiff and Class Members were, and are being, damaged when they paid their respective fines and/or any penalties, attorney's fees and expenses, interest and other injuries stemming from Posen's enforcement of its administrative judgments or liability findings.

70.     Posen's wrongful conduct inflicted, and is inflicting, damage upon Plaintiff and Class Members by causing them to pay illegal fines in the hundreds of dollars per ticket, as well as incurring attorney's fees and expenses.

71.     Frederic was damaged when he indirectly paid attorney's fees to a law firm to defend against the Frederic Ticket, which is being illegally adjudicated.

72.     On information and belief, Class Members paid, or will pay, significant amounts to Posen pursuant to Posen's illegal administrative adjudication of their tickets.

73.     If Plaintiff and Class Members do not pay their respective fines, they face consequences including but not limited to: collection proceedings, garnished wages, payment of Posen's fees and expenses incurred in collecting the fines, payment of collection agency fees, payment of interest, imposition of liens, and negative reporting to credit bureaus. Posen Code, § 1-15A-9.

74.     Posen's ticket scheme strong-arms Plaintiff and Class Members into paying their fines by making threats to their pocketbooks.

75.     The fines that Posen is wrongfully forcing Plaintiff and other truckers to pay are substantial amounts for truck drivers. Most commercial truck drivers do not receive significant

compensation for being a truck driver. Posen's fines, in contrast, are significant amounts of money.

76.     Other truckers similarly situated to Plaintiff have been, and will be, significantly damaged by virtue of Posen's conduct alleged herein.

77.     On information and belief, others similarly situated to Plaintiff were injured, or will be injured, when they pay their fines to Posen pursuant to administratively adjudicated tickets for oversize or overweight trucks, as well as when they paid attorney's fees and expenses. Others similarly situated incurred additional damages when they paid additional amounts for collection, garnishment, liens, and similar expenses in connection with the illegally obtained judgments or liability findings against them.

78.     This dispute set forth herein embodies an actual controversy regarding the tickets Posen has issued. This controversy is ongoing and the resolution of the issues herein would aid in the resolution of the controversy.

## Class Allegations

79.     Plaintiff brings this lawsuit pursuant to the class action provision in the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

80.     Plaintiff brings this lawsuit on behalf of themselves and a proposed class of persons, defined as follows:

> All persons who pursuant to a Village of Posen administrative proceeding, paid a fine, paid legal fees or costs, had a judgment entered against them, or had a finding of liability against them for an oversize or overweight vehicle in violation of a Posen ordinance; excluded from the proposed class are the Village of Posen's respective officials and employees, Plaintiff's counsel and members of their immediate families, and the trial judge presiding over this case (hereinafter, the "Class").

81.     The Court should certify the Class.

82. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff does not know the exact number of members of the Class because that is information under the exclusive control of Defendant, but on information and belief, there are at least several hundred members in the Class. Posen contains numerous businesses that require commercial trucks to travel through Posen. Additionally, the Posen Ordinances have been in effect for numerous years.

83. Plaintiff's claims are typical of the claims of all of the other Class Members because the claims are based on a common course of conduct by Defendant towards persons who had tickets for oversize or overweight vehicles administratively adjudicated by Posen. Their claims arise from the same set of operative facts described herein.

84. Posen engaged in a course of conduct that is generally applicable to Plaintiff and the Class.

85. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.

86. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class. Neither Plaintiff nor his counsel have any interests that might cause them not to pursue this claim vigorously.

87. Without a class action, Class Members would find that litigating their individual claims would be cost-prohibitive, and as a result, they ultimately would not receive a remedy.

88. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The claims of Plaintiff and the Class are identical, as they are all based on Defendant's common course of conduct towards persons who had tickets for oversize or

overweight trucks administratively adjudicated by Posen.

89. The prosecution of separate actions by individual Class Members could create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct.

90. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of members of the Class may be obtained from the records of Posen, which renders identification of Class Members something capable of ministerial review.

91. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation because it conserves the resources of the courts and the litigants.

92. There are common questions of law and fact affecting Class Members, which are questions that predominate over any affecting only individual members. These common questions include, but are not limited to:

    A.    Whether Posen exceeded its authority under Illinois law when it administratively adjudicated tickets for violations of the Posen Ordinances;

    B.    Whether Posen lacked subject matter jurisdiction over Plaintiff and Class members;

    C.    Whether the judgments entered pursuant to Posen's administrative adjudications of violation of the Posen Ordinances are null and void *ab initio* because they involve moving violations that must be adjudicated in an Illinois court;

    D.    Whether the judgments entered pursuant to Posen's administrative

adjudications of violation of the Posen Ordinances are null and void *ab initio* because they involve violations reportable to the Illinois Secretary of State;

E.      Whether it was unjust for Posen to retain the fines paid in connection with administratively adjudicated judgments for violations of the Posen Ordinances for oversize or overweight trucks because the judgments were null and void *ab initio*.

F.      Whether Posen's retention of the fines paid pursuant to administratively adjudicated judgments for under the Posen Ordinances violates the fundamental principles of justice, equity and good conscience.

G.      Whether the judgments entered pursuant to Posen's administrative adjudications of violation of the Posen Ordinances are null and void *ab initio* because they exceeded $250 in violation of 625 ILCS 5/11-208.3(b)(10).

H.      Whether the judgments entered pursuant to Posen's administrative adjudications of violation of the Posen Ordinances are null and void *ab initio* because they exceeded $750 in violation of 65 ILCS 5/1-2-1.

I.      Whether the judgments entered pursuant to Posen's administrative adjudications of violation of the Posen Ordinances are null and void *ab initio* because they are unconstitutionally excessive fines.

## Count I
### Declaratory Judgment and Injunctive Relief
### Voiding all Tickets

93.      Plaintiff incorporates herein by reference paragraphs 1 – 92 as Paragraph 93.

94.     Under Illinois law:

The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. … Declarations of rights, as herein provided for, may be obtained by means of a pleading seeking that relief alone, or as incident to or part of a complaint, counterclaim or other pleading seeking other relief as well, and if a declaration of rights is the only relief asked, the case may be set for early hearing as in the case of a motion.

735 ILCS 5/2-701(a)-(b).

95.     Plaintiff is entitled to a declaratory judgment that all judgments and findings of liability resulting from Posen's administrative adjudication of tickets for oversize or overweight trucks are null and void *ab initio* because Posen lacked subject matter jurisdiction to administratively adjudicate those tickets.

96.     Posen lacked subject matter jurisdiction because violations of the Posen Ordinances required adjudication in the Illinois courts because they were moving violations under 65 ILCS 5/1-2.1-2 of the Municipal Code.

97.     Posen lacked subject matter jurisdiction because violations of Posen Ordinances for oversize or overweight vehicles required adjudication in the Illinois courts because they were violations reportable to the Illinois Secretary of State pursuant to 65 ILCS 5/1-2.1-2 of the Municipal Code and 625 ILCS § 5/6-204 the Illinois Vehicle Code.

98.     Plaintiff and Class Members have personal claims with tangible legal interests regarding those claims because they paid fines to Posen that were illegally adjudicated and/or incurred legal fee expenses and costs in defending the administrative adjudications by Posen. Plaintiff has tangible legal interests in getting refunds of funds paid in connection with attorney's fees and expenses incurred pursuant to Posen's wrongful administrative adjudication of the tickets

for overweight or oversize trucks.

99.     Posen's conduct described herein is opposed to the interests of Plaintiff and Class Members in not paying the illegally imposed fines.

100.     Posen has an interest contrary to the interests of Plaintiff and Class Members in that Posen wants to keep the monies it collected, and continue to receive the monies it collects, via administrative adjudication of tickets issued for violations of the Posen Ordinances.

101.     On information and belief, Posen continues to wrongfully impose fines on Class Members by administratively adjudicating tickets that Illinois law requires to be adjudicated in an Illinois court.

102.     This case presents an actual controversy.  The controversy is ongoing and is likely to be resolved via the resolution of this case.  A declaratory judgment would terminate a portion of an actual controversy between Plaintiff and Class Member, on the one hand, and Posen, on the other hand, regarding the administrative adjudication of tickets issues for violations of the Posen Ordinances.

103.     As a direct and proximate result of Posen's conduct described herein, Plaintiff and Class Members have been harmed and are entitled to refunds of all amounts Posen collected pursuant to its illegal conduct set forth herein.

104.     Plaintiff and Class Members are entitled to restitution of all monies they paid to Posen in connection with Posen's wrongful conduct set forth herein.

**WHEREFORE**, Plaintiff and the Class request that this Court do the following:

A.     Enter a judgment declaring that all judgments resulting from Posen's administrative adjudication of tickets for oversize or overweight trucks are null and void *ab initio* because Posen lacked subject matter jurisdiction to administratively

adjudicate those tickets;

B.      Award restitution to Plaintiff and Class Members in the full amount of the respective fines and other monies that each paid to Posen;

C.      Require an accounting of the fines improperly collected by Posen to determine the amount of restitution;

D.      Award Plaintiff and Class Members prejudgment interest;

E.      Award to the Plaintiff and Class Members their reasonable costs and attorney's fees in connection with this suit;

F.      Enter preliminary and permanent injunctive orders prohibiting Posen from continuing its administrative adjudications set forth herein; and

G.      Award such other relief that the Court deems appropriate.

### Count II
### Declaratory Judgment and Injunctive Relief
### Voiding all Tickets Seeking More Than $250

105.    Plaintiff incorporates herein by reference paragraphs 1 – 92 as Paragraph 105.

106.    The Illinois Vehicle Code provides, in relevant part:

(a) Any municipality or county may provide by ordinance for a system of administrative adjudication of vehicular standing and parking violations and vehicle compliance violations as described in this subsection …. The administrative system shall have as its purpose the fair and efficient enforcement of municipal or county regulations through the administrative adjudication of … violations of municipal or county ordinances regulating the standing and parking of vehicles, the condition and use of vehicle equipment …. The administrative system shall only have authority to adjudicate civil offenses carrying fines not in excess of $500 …. For purposes of this Section, "compliance violation" means a violation of a municipal or county regulation governing the condition or use of equipment on a vehicle ….

625 ILCS 5/11-208.3

107.    This same section of the Illinois Vehicle Code later provides:

**(b)** Any ordinance establishing a system of administrative adjudication under this Section shall provide for: …

 **(10)** A schedule of civil fines for violations of vehicular standing, parking, compliance, automated speed enforcement system, or automated traffic law regulations enacted by ordinance pursuant to this Section, and a schedule of penalties for late payment of the fines or failure to complete required traffic education programs, provided, however, that the total amount of the fine and penalty for any one violation shall not exceed $250, except as provided in subsection (c) of Section 11-1301.3 of this Code.

625 ILCS 5/11-208.3(b)(10).

108.　　Section 208.3(b)(10) embodies a legislative philosophy that particular violations of municipal ordinances are sufficiently minor that they can be administratively adjudicated, instead of being judicially adjudicated in the Illinois courts.

109.　　The Frederic Ticket and tickets issued to class members fall within § 208.3(b)(10).

110.　　When administrative adjudication is justified, however, the fines and associated penalties (late fees, *etc.*) for those violations must also be minor.　Accordingly, the Illinois legislature imposed a limit of $250 for those fines and associated penalties.

111.　　Posen administratively adjudicated the Frederic Ticket.

112.　　Posen imposes fines for overweight trucks that are calculated at $.90 per pound. Village of Posen Municipal Ordinance 10-19-4.

113.　　Posen imposed a fine on Frederic in the amount of $20,862.00, which greatly exceeds the $250 limit.

114.　　Posen imposes further costs on truckers who do not pay their tickets in a timely manner.　Posen can cause collection proceedings (including but not limited to wage garnishment) to be initiated and make a report to the Illinois Secretary of State which can lead to suspension of a person's drivers license.　Village of Posen Municipal Ordinance 1-15A-6 and 1-15A-9(A).　Posen can take steps to collect the unpaid amounts and can impose on persons the attorney's fees incurred

for that collection. *Id.*, 1-15A-9(c). Posen can cause liens to be placed on personal and real property. *Id.*, 1-15A-9(d). Nothing in Posen's ordinances prevents Posen from reporting unpaid fines to credit bureaus.

115. Additionally, Posen reserves the right to imprison persons who do not pay their fines. Village of Posen Municipal Ordinance 1-3-2 ("Any person in default of payment of any fine or costs imposed may be committed to the village or county jail until the fine, penalty and costs are fully paid.").

116. Most truckers must pay these tickets under duress for fear of the consequences.

117. Posen does not allow the legal theories asserted herein as a defense to these tickets.

118. Posen had no authority to impose fines and associated penalties in amounts exceeding $250 per violation of either of the Posen Ordinances.

119. As a direct and proximate result of Posen's violation of § 208.3(b)(10), Frederic and Class Members have been harmed and are entitled to refunds of all amounts Posen collected pursuant to its illegal conduct set forth herein because the fines were void *ab initio*.

**WHEREFORE**, Plaintiff and the Class request that this Court do the following:

A.   Enter a judgment declaring that all judgments resulting from Posen's administrative adjudication of tickets for oversize or overweight trucks that exceeded $250 are null and void *ab initio* because they violated 625 ILCS 5/11-208.3(b)(10).

B.   Award restitution to Plaintiff and Class Members in the full amount of the respective fines and other monies that each paid to Posen;

C.   Require an accounting of the fines improperly collected by Posen to determine the amount of restitution;

D.      Award Plaintiff and Class Members prejudgment interest;

E.      Award to the Plaintiff and Class Members their reasonable costs and attorney's fees in connection with this suit;

F.      Enter preliminary and permanent injunctive orders prohibiting Posen from continuing its administrative adjudications set forth herein; and

G.      Award such other relief that the Court deems appropriate.

## Count III
### Declaratory Judgment and Injunctive Relief
### Voiding all Tickets Seeking More Than $750

120.    Plaintiff incorporates herein by reference paragraphs 1 – 92 and 112 – 117 as Paragraph 120.

121.    The Illinois Municipal Code provides in relevant part:

The corporate authorities of each municipality may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to municipalities, with such fines or penalties as may be deemed proper. No fine or penalty, however, except civil penalties provided for failure to make returns or to pay any taxes levied by the municipality shall exceed $750 …

65 ILCS 5/1-2-1.

122.    The Illinois Municipal Code states:    "This Division 2.2 applies only to municipalities that are non-home rule units. Nothing in this Division 2.2 allows a non-home rule municipality to pursue any remedies not otherwise authorized by statute."  65 ILCS 5/1-2.2-1.

123.    It also provides:  "A monetary sanction for a violation under this Division shall not exceed the amount provided for in Section 1-2-1 of this Act [65 ILCS 5/1-2-1]."  65 ILCS 5/1-2.2-45.

124.    By virtue of Section 5/1-1-2 and other relevant Illinois code, Posen had no authority to impose fines and associated penalties in amounts exceeding $750 per violation of either of the

21

Posen Ordinances.

125.    As a non-home rule municipality, Defendant had only those powers specifically granted to it by the Illinois Constitution or by statute.

126.    The Frederic Ticket and many tickets issued to class members fall within § 5/1-2-1.

127.    As a direct and proximate result of Posen's violation of § 5/1-2-1, Frederic and Class Members have been harmed and are entitled to refunds of all amounts Posen collected pursuant to its illegal conduct set forth herein because the fines were void *ab initio*.

**WHEREFORE**, Plaintiff and the Class request that this Court do the following:

A.    Enter a judgment declaring that all judgments resulting from Posen's administrative adjudication of tickets for oversize or overweight trucks that exceeded $750 are null and void *ab initio* because they violated 65 ILCS 5/1-2-1.

B.    Award restitution to Plaintiff and Class Members in the full amount of the respective fines and other monies that each paid to Posen;

C.    Require an accounting of the fines improperly collected by Posen to determine the amount of restitution;

D.    Award Plaintiff and Class Members prejudgment interest;

E.    Award to the Plaintiff and Class Members their reasonable costs and attorney's fees in connection with this suit;

F.    Enter preliminary and permanent injunctive orders prohibiting Posen from continuing its administrative adjudications set forth herein; and

G.    Award such other relief that the Court deems appropriate.

### Count IV
### Unjust Enrichment

128.    Plaintiff incorporates herein by reference paragraphs 1 – 92 as Paragraph 128.

129.    As a result of Posen's intentional and willful conduct described herein, Posen has unjustly retained a benefit to the detriment of Plaintiff and Class Members.

130.    As a result of Posen's conduct described herein, it financially benefited through the wrongful collection of fines from truckers who had tickets for violations of the Posen Ordinances improperly administratively adjudicated.

131.    Posen's conduct alleged herein was without a legal basis because Posen lacked subject matter jurisdiction to administratively adjudicate the tickets it issued to Plaintiff and Class Members for violations of its Ordinances.

132.    Posen's conduct alleged herein created duress and coercion by forcing Plaintiff and Class Members to pay fines to Posen, and attorney's fees and expenses to law firms, out of fear of the consequences of failing to pay those fines.

133.    Posen's collection of fines that it wrongfully administratively adjudicated provided Posen with funds to which it was not entitled.

134.    By virtue of the foregoing allegations, Posen's retention of the money paid for these fines violates fundamental principles of justice, equity and good conscience.

135.    As a direct and proximate result of Posen's conduct described herein, Plaintiff and Class Members have been significantly harmed.

136.    In the alternative, there is no adequate remedy at law for Plaintiff and Class Members in connection with the unjust enrichment issue.

137.    A constructive trust should be imposed over all monies that Posen has collected pursuant to its wrongful conduct alleged herein.

**WHEREFORE**, Plaintiff and the Class request that this Court do the following:

A.      Award Plaintiff and Class Members restitution in the form of full refunds of the respective fines they paid to Posen, which is equal to the amount by which Posen was unjustly enriched by its conduct described herein;

B.      Award Plaintiff and Class Members prejudgment interest;

C.      Award Plaintiff and Class Members their reasonable costs and attorney's fees incurred in connection with this suit; and

D.      Award such other relief that the Court deems appropriate.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff requests trial by jury of all claims that can be so tried.

Marvin Frederic, individually, and behalf of the Class, Plaintiff,

Dated: October 3, 2024                    By:      /s/ Karl Leinberger

Karl Leinberger, One of Plaintiff's Attorneys

Karl Leinberger (IL Atty. No. 6237537)
Paul Markoff
Markoff Leinberger LLC
134 N. LaSalle Street, Suite 1050
Chicago, IL 60602
(312) 726-4162
karl@markleinlaw.com

Frank Andreano (IL Atty. No. 6202756)
Andreano Law PC
58 N. Chicago Street, Suite 506
Posen, IL 60432
Frank@iltrials.com

**<u>Certificate of Service</u>**

        The undersigned hereby certifies that he caused a copy of this *Third Amended Class Action Complaint* to be electronically filed On October 3rd, 2024, with the Clerk of Court for the U.S. District Court for the Northern District of Illinois via its CM/ECF system, which will notify counsel of record for the Village of Posen:

    Michael J. Victor
    IFMK LAW, Ltd.
    650 Dundee Road, Suite 475
    Northbrook, Illinois 60062
    mvictor@ifmklaw.com

        <u>/s/ Karl Leinberger</u>
        Karl G. Leinberger

# Exhibit A

MO 005-885

**VILLAGE OF POSEN VS** Frederic

DEFENDANT'S LAST Forbes iz, Hx FIRST THEVENS M

EMPLOYER OR GUARDIAN NAME (PRINT) King, Logistics Inc 12161 S. Central Ave (suite 410) Also IL 60803

☑ DRIVER'S LICENSE No. OR
☐ OTHER I.D. (TYPE & No.

33179

SEX M   RACE BIK   BIRTH DATE   MONTH/DATE/YEAR

COLOR BRO   COLOR BIK   WEIGHT   HEIGHT 511

PHONE BUS. HOME

OCCUPATION Tower Driver

☐ ILLINOIS COMPILED STATUTES

THE COMPLAINANT ON OATH STATES THAT THE DEFENDANT DID THEN AND THERE VIOLATE

CHAPTER 10-19   SECTION   SECTION   CHAPTER   SECTION   ☑ MUNICIPAL CODE   ☑ MUNICIPAL OF THE

OFFENSE COMMITTED Disobey weight limit signs (6 ton)   IN THAT (DESCRIBE ACTIONS) Overweight second Division Vehicle on Residenal street

ON December 07 2022 1 54PM   AT Harrison Avenue from 147th street (N/B) Posen, IL 60469

MONTH   DAY   YEAR   TIME

COMPLAINANT/WITNESS

OFFICER'S SIGNATURE Officer Forbes   STAR No. 21   UNIT 9,13

I ACKNOWLEDGE RECEIPT OF THIS NOTICE _____   DEFENDANT'S SIGNATURE

R.D. NO.

UNDER PENALTIES AS PROVIDED BY LAW FOR FALSE CERTIFICATION PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE AND/OR PERJURY PURSUANT TO SECTIONS 32-2 OF THE CRIMINAL CODE OF 1961, THE OFFICER CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT.

2LP0151 96

IN SAID MUNICIPALITY COOK COUNTY, ILLINOIS

---

**Hearing Date: YOU WILL BE NOTIFIED BY MAIL**

MUNICIPAL BUILDING

ADDRESS 2440 W. Walter Zimny Drive

Posen, IL 60469

# Exhibit B

# Summons

Code Hearing Department
Municipal Offense Violation Enforcement

| | |
|---|---|
| Village of Posen<br>a municipal corporation,<br>PETITIONER,<br><br>VS<br><br>MAX, THERVENS FREDERIC<br>RESPONDENT, | *Violation #.*   MO005-885<br>*Location:*   147TH ST HARRISON<br>Posen, ILLINOIS 60469 |

MAX, THERVENS FREDERIC

██████████

To the above named owner(s):

You are hereby summoned to appear before the Hearing Officer at the below specified location, date and time to answer the Violation Notice and Report in this case, a copy of which is attached hereto. You have the right to appear at a hearing to contest the violation notice(s) OR to prepay the amount(s) due for the violation(s). If you fail to do so, a Hearing Officer may, in your absence, make a determination that the violation(s) set forth in the attached notice of Violation Report Form do(es) exist, and may enter fines and sanctions against you as allowed by ordinance.

**Offense:** OVER WEIGHT
**Hearing Date:** 01/30/23  06:00 PM
**Hearing Location:** VILLAGE HALL
**Hearing Address:** 2440 WALTER ZIMNY DR POSEN,IL 60469
**Phone:** (708) 385-0277        **Fax:** (708) 385-8086

**Please make the payment at: 2440 W. Walter Zimmy, Posen IL, 60469**
**Please make checks payable to: Village of Posen**      **Amount Due: $20,862.00**

State of ILLINOIS
             SS
County of COOK

**MILDER AVALOS** being first duly sworn on oath, deposes and states that copy of the foregoing summons was served with the violation notice and report form upon the above named individual by placing a copy thereof in an envelope plainly addressed with postage fully prepaid and placing said envelope in a u.s. mailbox before 5:00 pm on this date 12/13/22

_____        _____
Clerk                                                  Hearing Administrator